UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAYED NAZRUL ISLAM,

      Plaintiff,

v.

DIRECTOR OF THE
UNITED STATES BUREAU
OF CITIZENSHIP AND IMMIGRATION
SERVICES, ET. AL.,

      Defendants.
_____/

CIVIL ACTION NO. 07-14115

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

RECOMMENDATION: This action seeking judicial review of Defendants' alleged failure to adjudicate Plaintiff's naturalization application should be DISMISSED for want of prosecution.

\* \* \*

This matter is before the magistrate judge on Order of Reference for all pretrial matters. The Complaint, filed on September 28, 2007, seeks judicial review of Defendants' alleged failure to adjudicate Plaintiff's naturalization application. Plaintiff is responsible for service of Summons and Complaint in accordance with the provisions of Fed.R.Civ.P. 4(i).

If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed.R.Civ.P. 4(m). As of the date of this Report and Recommendation, the court's docket reflects no indication that service has been effected.

The Complaint reflects that Plaintiff is suing five federal officials for their supervisory roles in the Departments of Justice and Homeland Security. The Supreme Court held in *Bivens* v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) that a federal agent's unconstitutional conduct while acting under color of his authority gives rise to a cause of action. *Bivens* "claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (6th Cir. 1996). The general rule, however, is that theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988).

In view of the foregoing, Plaintiff was ordered on July 1, 2008, to Show Cause, in writing, within thirty (30) days: (1) why his Complaint should not be dismissed pursuant to Fed.R.Civ.P. 4(m) for failure to service Summons and Complaint in accordance with Fed.R.Civ.P. 4(i); and (2) why his Complaint should not be dismissed for failure to state a claim upon which relief can be granted. (Docket #5). Plaintiff has not filed a response to the show cause order.

Plaintiff bears the burdens of asserting a comprehensible claim for relief, Fed.R.Civ.P. 8(a), and providing the court with information necessary to effect service of the Complaint and summons on each defendant. See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff has not satisfied those burdens. The defendants remain unserved more

than 120 days after this case was filed on September 28, 2007. Pursuant to Fed.R.Civ.P. Rule 4(m), this action should be dismissed for want of prosecution.

Any objections to this Report and Recommendation must be filed with the Court within ten (10) days after it is served, or further appeal from Judge Lawson's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 4, 2008

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 4, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 4, 2008. **Kevin Shepherd, Terence Hoerman.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217